This case is an appeal from a Merit Systems Protection Board (board) order affirming petitioner’s removal from the United States Postal Service for being absent without leave. Petitioner, proceeding pro se, claims that the board misread the law and regulations applicable to this personnel action and erred in various procedural rulings. We find that the board was not in error and consequently affirm.
On May 29, 1979, petitioner, a mail carrier, asked his supervisor, Mr. W. R. Scott, if he could take emergency leave for the rest of that day (6% hours) so that he could take his wife to the doctor. He was given permission to leave, but was told that he would have to substantiate the emergency upon returning from leave. The board found that petitioner understood these instructions. Although petitioner was scheduled to work the next day, the 30th, he did not report. He was not scheduled to work on the 31st, so he returned to work on June 1st.
Upon returning to work he tendered to his supervisor Form 3971, the standard form for emergency leave, and a doctor’s note confirming his visit to the doctor’s office on the 29th. There was no substantiation of the necessity for *797 his absence from work on the 30th. This was brought to petitioner’s attention and he refused to provide additional substantiation for the 30th, other than to explain to Mr. Scott why he felt that it was an emergency. At that point Mr. Scott disallowed the leave.
Simultaneous with this discussion was a dispute about Mr. Scott’s demand that petitioner work overtime on the 1st to make up for time he had lost on the 29th and 30th. Petitioner refused, pointing to a doctor’s letter on file with the safety officer stating that petitioner was unfit to work overtime. Because of the age of the letter, and a subsequent letter declaring petitioner fit, there was some question about the original letter’s validity. Petitioner was eventually upheld after Mr. Scott conferred with his superiors and with the safety officer.
On June 21, 1979, petitioner was issued a notice of charges and proposed removal. This letter charged that he was absent without leave on the 30th (only) and cited four prior disciplinary actions (three suspensions and one warning letter)[1] which justified the action of removal. After response, petitioner was removed on July 30, 1979, and he has worked his way through the appeals process to this court.
The sole issue in this case is the removal for being absent without leave on May 30th. The absence on the 29th and the refusal to work overtime on June 1st are not at issue, as they were resolved in petitioner’s favor. Petitioner charges that on this issue the board should be overruled on the three grounds provided for by the Civil Service Reform Act of 1978 — (1) the decision was arbitrary and capricious or not in accordance with law; (2) the decision was unsupported by substantial evidence; and (3) the board did not follow proper procedures. 5 U.S.C. § 7703(c) (Supp. IV 1980). We deal with these issues in order.
1. Petitioner contends that, having once been given permission to leave work on emergency leave on the 29th, he could not be found absent without leave until he returned, unless his supervisor could prove that no emergency had existed. This is an incorrect statement of the law. *798 Postal regulations make it clear that an emergency absence which is not approved by the supervisor may be treated as an absence without leave. Employee and Labor Relations Manual, §§ 442.182, 512.412, 512.422.
Mr. Scott’s refusal to approve emergency leave for the 30th and designation of the absence as awol were justified. Petitioner failed to provide substantiation for his absence on the 30th and failed otherwise to explain the reason for the emergency to the satisfaction of his supervisor, as required by the regulation. Id., § 512.412. Therefore, assuming the facts were as the board found them (a point we reach later), the board was correct as a matter of law in finding petitioner absent without leave.
Petitioner also asserts that the board erred by imposing an excessive penalty for his absence. This court is normally extremely reluctant to involve itself in any detail in the agency disciplinary process. There are, however, two situations in which we will overturn a penalty: where it exceeds the range authorized by statute or regulation, or where it is unduly harsh in relation to the offense charged. Power v. United States, 209 Ct. Cl. 126, 130, 531 F.2d 505, 507 (1976).
Petitioner argues that the imposition of removal is not authorized in this case because the Postal Service is required to impose progressive penalties and that .he should therefore have received a warning letter for this offense. To support this proposition he cites the postal employees’ collective bargaining agreement, article XVI, and a statement by a senior employee, Mr. Terry Charlton, concerning its meaning.
The relationship between the collective bargaining agreement and the statutory procedures for veterans’ preference eligible employees is not entirely clear,[2] but it is clear that neither the agreement nor title 5 requires that a strict *799 order of progressively harsher penalties be observed in every case. The agreement itself only speaks in generalities about the remedial goals of discipline. Mr. Charlton’s statement at best only describes common practice, and even so confuses the availability of graded penalties for the requirement that each step be followed in every single case. We conclude, therefore, that the imposition of removal instead of a letter of warning was not in itself an error of law.
That being so, the only remaining basis for overturning petitioner’s removal is that the punishment was so harsh and disproportionate to the offense committed that it constituted an abuse of discretion. Brewer v. United States, 227 Ct. Cl. 276, 282, 647 F.2d 1093, 1098 (1981), cert. denied, 454 U.S. 1144 (1982); Giles v. United States, 213 Ct. Cl. 602, 608-09, 553 F.2d 647, 650-51 (1977); Power v. United States, supra, 209 Ct. Cl. at 130-31, 531 F.2d at 507-08. The petitioner must show extreme circumstances to invoke this remedy, but if he does we will set aside the penalty even if it is within the permitted range. Grover v. United States, 200 Ct. Cl. 337, 353 (1973).
Petitioner cannot be successful on this ground either, however. He points to no circumstances which would mitigate the severity of his offense. Our cases reversing penalties have emphasized the minor nature of the offenses involved and the particular employee’s unblemished prior record. See, e.g., Ross v. United States, ante at 759; Boyce v. United States, 211 Ct. Cl. 57, 67, 543 F.2d 1290, 1295 (1976); Power v. United States, supra; Grover v. United States, supra; Cuiffo v. United States, 131 Ct. Cl. 60, 69-70, 137 F. Supp. 944, 950 (1955). It is undeniable that petitioner’s offense was serious, especially because it involved a deliberate refusal, amounting to insubordination or disrespect, to supply substantiation. He had also been disciplined for this offense and for others on previous occasions[3] and had received letters of warning on prior occasions. Therefore, *800 the agency did not abuse its discretion in removing petitioner for this offense, in these circumstances, on this occasion.
2. The question whether the facts were as the board found them is reviewed by this court under a substantial evidence standard. 5 U.S.C. § 7703(c). That means that we must uphold the board if the decision is supported by adequate relevant evidence which reasonably supports the conclusion reached. Brewer v. United States Postal Service, supra, 227 Ct. Cl. at 279, 647 F.2d at 1096. There seems to be little dispute as to the general outline of events set forth above and we have been pointed to no evidence which would justify overturning the board’s conclusions.
Petitioner claims in addition that his supervisor had a personal animus against him, mainly as a result of the disagreement concerning overtime. The board specifically found that, to the extent that such feelings may have existed based on the past disciplinary actions taken against petitioner by Mr. Scott,[4] they did not play a significant part in the decision to remove petitioner. As we have indicated before, there were adequate objective grounds for removal otherwise.
3. Finally, petitioner alleges certain procedural errors involving the inclusion and exclusion of evidence in the record. The first and more serious alleged error was the basing of his removal on a prior letter of warning for being absent without leave and a prior suspension for failure to follow the instructions of a supervisor,[5] both of which had been, respectively, revoked on appeal and overturned in arbitration. The board expressly disregarded the letter of warning in coming to its conclusion. The board also held that the agency could consider the suspension because arbitration was incomplete at the time of the removal and initial appeal.[6] We hold that any consideration of these items, to the extent that it was erroneous, was harmless error. Haynes v. United States, 190 Ct. Cl. 9, 14-15, 418 F.2d 1380, 1383-84 (1969); Rule 153.
*801 Petitioner also objects to the board’s exclusion of certain evidence from the record as irrelevant. The relevance standard for board proceedings is that the proffered evidence be "supported by a showing of general relevance, reasonable scope and materiality.” 5 C.F.R. § 1201.81(d) (1981). The board acted within its discretion in excluding the evidence.
Petitioner requested admission of a statement by another employee that no other employee on limited time was required to work overtime. The overtime question was, to begin with, a collateral issue, and the general practice as to other employees is extremely tangential to the existence vel non of a personal animus. In any case, the waste of time and confusion of issues caused by the introduction of such evidence outweighs its minimal probative value.
The presiding officer’s exclusion of evidence tending to disprove the offense for which he was suspended, and which was subsequently overturned in arbitration, was likewise irrelevant to the question at hand.
Lastly, petitioner attempted to introduce a statement which contained his version of the events of June 1st. He represented it as a statement by his union steward, but in fact it was his own statement, signed (typewritten) by petitioner, and only witnessed by the steward. As such, this was simply a prior consistent statement of petitioner, was therefore redundant, and was properly excluded since petitioner was allowed to present testimony concerning those events.
it is therefore ordered that the decision of the Merit Systems Protection Board is affirmed and the petitioner’s appeal is denied.

 Two of these actions were later nullified. The issue raised by this fact will be discussed later.

 The best reading of their relationship is probably that the preference eligible employee has the option of taking the grievance-arbitration route or the statutory appeal route. This is clearly the view of the collective bargaining agreement. Art. XVI, § 7. The statute, 39 U.S.C. § 1005(a)(2) (Supp. III 1979), is far less clear — it does not speak in terms of options — but the legislative history of paragraph (a)(2) indicates clearly that it was intended to increase the procedural protections of preference eligible employees, 116 Cong. Rec. 22337 (June 30,1970) (remarks of Senator Hartke), and that suggests an option system. See Malone v. United States Postal Service, 526 F.2d 1099, 1104-05 (6th Cir. 1975). We do not reach the issue because there is no conflict between the agreement and the statute on this particular point, and in any case petitioner has opted for the statutory route.

 Two other disciplinary actions were cited in the notice of proposed removal, but they were subsequently successfully appealed by petitioner. We do not reach petitioner’s claim that the inclusion of these in the notice was prejudicial because there was sufficient evidence before the board to remove him without the two other actions.

 The board found that the supervisor and other officers were not in fact in disagreement about the doctor’s note, only in doubt (together) as to its validity. By the same token, Mr. Scott was not overruled by anyone.

 See note 3, supra.

 We do not reach this issue as the removal was justified without reference to either prior incident.