**Reba BREDEHORST, Personal Representative of James C. Densley, Deceased**

v.

**The UNITED STATES.**

**No. 672–80C.**

United States Court of Claims.

Decided April 21, 1982.

Wayne S. Dryden, Pasadena, Cal., attorney of record, for plaintiff; Dryden, Soodik & Lowe, Pasadena, Cal., of counsel.

Judith E. Cohn, Washington, D. C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, Washington, D. C., for defendant; Stewart A. Broder, U. S. Postal Service, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and KASHIWA and SMITH, Judges.

## ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

SMITH, Judge:

This is a civilian pay case, before us on plaintiff's petition (through his personal representative) and defendant's motion for summary judgment, in which plaintiff appeals a decision of the United States Civil Service Commission Board of Appeals and Review (board). The case is decided without oral argument. We hold that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law.

The parties raise two issues. First, whether a veteran preference eligible employee of the United States Postal Service (Service) is entitled to the procedural rights of a competitive service civil servant in a suspension action. Second, whether the Service must give a preference eligible employee written notice of his right to appeal prior suspensions for periods of less than 30 days in order for those suspensions to be considered grounds for a subsequent dismissal.

Plaintiff, a veteran, was employed as a PS-5 distribution clerk at the Post Office's Monterey Park, California, branch. Plaintiff received satisfactory performance evaluations from his date of employment, September 29, 1970, to January 1973. In January 1973, plaintiff was transferred to the 3 a. m. work shift. Plaintiff's inability to wake up during the nighttime caused him to fail to report to work on time or to give notice to his supervisor that he would be late. Plaintiff's repeated tardiness resulted in his suspension for periods of 1 day (May 31, 1973), 5 days (July 6, 1973), and 15 days (July 27, 1973). Plaintiff on November 10, 1973, received a letter of proposed termination based on his prior suspensions and his failure to report to work on November 3, 1973, and on his failure to notify his superiors of the latter absence. Plaintiff orally answered the charges on November 12 and gave a written denial on November 16, 1973. The postmaster of the Monterey Park post office rejected plaintiff's arguments and informed plaintiff that his removal would be effective as of December 21, 1973. Plaintiff went on non-pay status with the Service from December 22, 1973, to February 7, 1974.

Plaintiff appealed the Service's action to the Federal Employee Appeals Authority, San Francisco Field Office (FEAA). The FEAA reversed the Service's action on the ground that the Service did not comply with required procedures when it failed to notify plaintiff of his appeal rights regarding the earlier suspensions. Therefore, ignoring the earlier suspensions, the FEAA found that the Service did not have adequate grounds to dismiss plaintiff and ordered his reinstatement.

The Service appealed the FEAA decision to the board. The board reversed stating that plaintiff's dismissal was proper.

Plaintiff's petition for review to the United States Court of Appeals for the Ninth Circuit was dismissed without prejudice on November 17, 1975, for lack of jurisdiction. Plaintiff's petition for review to the United States District Court for the Central District of California was dismissed without prejudice on March 21, 1977, in order that plaintiff could file a petition with this court. After plaintiff died in an accident in Los Angeles, California, on September 11, 1977, plaintiff's personal representative filed her petition with this court on December 15, 1980.

In a motion for summary judgment, any doubt as to issues of material fact must be resolved against the moving party, here the defendant.[1] However, assuming, without deciding, that all material facts are as plaintiff alleges, we hold that plaintiff fails to state a claim upon which relief can be granted.

The Postal Service Reform Act[2] (act) established the Service as an "independent

---

1. *Housing Corp. of America v. United States*, 199 Ct.Cl. 705, 468 F.2d 922 (1972).

2. Pub.L. No. 91-375, 84 Stat. 719 (1970).

establishment of the executive branch." [3] Accordingly, "except as otherwise provided in this title * * * no Federal law dealing with * * * employees * * * including the provisions of chapters 5 and 7 of title 5, shall apply to the exercise of the powers of the Postal Service." [4]

Section 1005(a)(2) [5] is an exception to section 410(a). It states that

[t]he provisions of title 5 relating to a preference eligible (as that term is defined under section 2108(3) of such title) shall apply to an applicant for appointment and any officer or employee of the Postal Service in the same manner and under the same conditions as if the applicant, officer, or employee were subject to the competitive service under such title. The provisions of this paragraph shall not be modified by any program developed under section 1004 of this title or any collective-bargaining agreement entered into under chapter 12 of this title.

There is no question that plaintiff was a preference eligible employed by the Service. Rather, the issue raised here is what rights that status gave plaintiff in a dismissal proceeding.

Although section 1005(a)(2) is broadly written, the legislative history indicates that the provision was intended to have a much narrower effect. Senator Hartke introduced the amendment to the act which became section 1005(a)(2).[6] Senator Hartke stated that the amendment was offered in order to

make crystal clear my own position in this regard, and to clarify and maintain all of those rights which veterans presently enjoy under existing law.

Under existing law, a veteran of the military service has certain rights in the postal service in the matter of employment and reemployment on returning from the military service. The veteran has the rights of appeal in adverse actions and the releasing of employees when reductions in the work force occur. These rights, guaranteed by the Veterans Preference Act of 1944, are the same rights enjoyed by veterans in any other branch of the competitive civil service.

■ Therefore, section 1005(a)(2) does not give a Service preference eligible employee the same rights as a federal employee in the competitive service but only the rights granted to veterans by the Veterans' Preference Act.[7]

■ The Veterans' Preference Act granted the preference eligible employee certain rights when his Government employer took an adverse action against him. However, those rights only apply to the adverse actions listed in 5 U.S.C. § 7511(2), i.e., "a removal, suspension for more than 30 days, furlough without pay, or reduction in rank or pay." [8] Therefore, since plaintiff was a preference eligible employee outside the competitive service, the procedures followed by the Service and the board were adequate and correct.

The Federal Personnel Manual (FPM) Supplement 752–1, S2–4b (as revised February 4, 1972), provides that "[a] preference eligible with one year of current continuous employment outside the competitive service is not covered by subpart C of part 752 [suspensions of 30 days or less], even though he is covered by subpart B [30 days or

---

3. 39 U.S.C. § 201 (1976).

4. 39 U.S.C. § 410(a) (1976).

5. 39 U.S.C. § 1005(a)(2) (1976).

6. 116 Cong.Rec. 22337 (1970).

7. Veterans' Preference Act of 1944, ch. 287, 58 Stat. 387. See also Winston v. United States Postal Service, 585 F.2d 198 (7th Cir. 1978).

8. 5 U.S.C. § 7511(2) (1976). These rights, as opposed to what defendant's motion claims, cannot be modified by any collective bargaining agreement entered into between the Service and an employee's union. 39 U.S.C. § 1005(a)(2) (1976). See also Malone v. United States Postal Service, 526 F.2d 1099 (6th Cir. 1975); Moten v. United States Postal Service, Ct.Cl. No. Appeal 38–80, 5 n.2 (order, Jan. 26, 1982). The preference eligible employee has instead the option of going to the board (now the Merit Systems Protection Board) or using the grievance procedures of the collective bargaining agreement.

more]." Therefore, plaintiff was not covered by subpart C and thus was not entitled to the procedures found in 5 C.F.R. § 752.-302(c),[9] including the right to be notified in writing of his right to appeal his prior suspensions (each less than 30 days) to the board.

Section 7512(b)(1)[10] of title 5 and 5 C.F.R. § 752.202(a)[11] state that in a dismissal action a preference eligible employee is entitled to written notice which states "any and all reasons, specifically and in detail, for the proposed action." FPM Supplement 752–1, subchapter S4–3b(1) (reference to past disciplinary record) states, in part, that the specificity and detail required of the agency depend on whether the past disciplinary action meets three criteria: "First, the employee was informed of the action in writing; second, the employee was given an opportunity to dispute the action by having it reviewed, on its merits, by an authority different from the one that took the action; and third, the action was made a matter of record."[12] The board found that these criteria were met and there is no basis upon which to find otherwise.

Therefore, since the Service and the board followed the proper procedures and plaintiff does not claim, and there is no evidence to indicate, that any of their actions were arbitrary, capricious, or unsupported by substantial evidence, plaintiff is not entitled to recover. "[O]ur function [is not] to substitute our judgment for that of the employing agency or the Civil Service Commission * * * [but to review the case to determine] whether their action was reasonable in the light of all the evidence."[13]

Accordingly, defendant's motion for summary judgment is granted and plaintiff's petition is dismissed.

9.   5 C.F.R. § 752.302(c) (1973).

10.   5 U.S.C. § 7512(b)(1) (1976).

11.   5 C.F.R. § 752.202(a) (1973).

12.   These three standards are basically the same as would have had to be met if plaintiff had elected to have the provisions of 5 U.S.C. § 7501 (1976) apply to his suspensions.

13.   *Harrington v. United States*, 174 Ct.Cl. 1110, 1117 (1966), quoting *Guiness v. United States*, 149 Ct.Cl. 1, 6, *cert. denied*, 363 U.S. 819, 80 S.Ct. 1257, 4 L.Ed.2d 1517 (1960). *See also Boyle v. United States*, 207 Ct.Cl. 27, 34, 515 F.2d 1397, 1401 (1975).