73 F.3d 381
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Steven W. CYTRYSZEWSKI, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3332.
 United States Court of Appeals, Federal Circuit.
 Dec. 15, 1995.
 
 Before CLEVENGER, RADER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Steven W. Cytryszewski seeks review of a decision of the Merit Systems Protection Board (Board or MSPB), Steven W. Cytryszewski v. United States Postal Service, Docket No. NY3443940449-I-1 (February 7, 1995), which dismissed his case for lack of jurisdiction. We affirm.
 
 
 2
 * In 1989, Mr. Cytryszewski took an exam for a position in the United States Postal Service (USPS). After he was interviewed, Mr. Cytryszewski received a letter stating that Valium found in his drug test precluded his employment by the USPS, and that he could protest the results of the drug test. Accordingly, Mr. Cytryszewski responded with documentation from his physician stating that he had prescribed Valium as treatment for Mr. Cytryszewski's post-traumatic stress syndrome. The USPS never responded that this documentation was inadequate, and Mr. Cytryszewski assumed the matter was resolved.
 
 
 3
 Four years later, Mr. Cytryszewski called the USPS to inquire about his status on their register. He was verbally informed that he had been passed over three times and therefore had been removed from the register. Upon learning this, Mr. Cytryszewski filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging that as a veteran preference eligible, he was entitled to: (1) receive an explanation as to why he was passed over; and (2) object to the reasons why he was passed over. See 5 U.S.C. Secs. 3317(b), 3318(b)(1) (1994). The EEOC, however, informed him that it did not have jurisdiction over title 5 and title 39 claims and that he should instead file an appeal with the Board. On June 19, 1994, Mr. Cytryszewski filed his appeal with the Board.
 
 
 4
 When the MSPB administrative judge (AJ) ordered Mr. Cytryszewski to show cause for jurisdiction, Mr. Cytryszewski responded that the MSPB had jurisdiction pursuant to 5 C.F.R. Sec. 1201.3(a)(19) (1995). The AJ rejected this basis, stating that the regulation applies only to positions in the competitive service. Because positions at the USPS are part of the excepted service, the AJ dismissed Mr. Cytryszewski's appeal for lack of jurisdiction. He petitions this court for review of that decision. We have jurisdiction to review his petition. 5 U.S.C. Sec. 7703(b)(1) (1994).
 
 II
 
 5
 Whether the Board has jurisdiction to adjudicate a claim is a question of law which we review de novo. Forest v. Merit Systems Protection Bd., 47 F.3d 409, 410 (Fed.Cir.1995). The Board's jurisdiction is strictly limited by statute to actions that have been made appealable to it by law, rule or regulation. 5 U.S.C. Sec. 7701(a) (1994). When the MSPB's jurisdiction is questionable, the appellant must show, by a preponderance of the evidence, that jurisdiction exists. 5 C.F.R. Sec. 1201.56(a)(2)(i) (1995); see Robins v. Department of Justice, 48 M.S.P.R. 644, 648 (1991).
 
 
 6
 Mr. Cytryszewski contends that the MSPB has jurisdiction over claims involving "[e]mployment practices administered by the Office of Personnel Management to examine and evaluate the qualifications of applicants for appointment in the competitive service." 5 C.F.R. Sec. 1201.3(a)(19) (emphasis added). The language of this provision appears to limit is applicability to positions in the competitive service, in which case it would not apply to positions in the USPS, which are in the excepted service.
 
 
 7
 Mr. Cytryszewski contends, however, that 5 C.F.R. Sec. 1201.3(a)(19) also applies when preference eligibles apply for positions in the USPS because:
 
 
 8
 [t]he provisions of title 5 relating to a preference eligible ... shall apply to an applicant for appointment ... [to the] Postal Service in the same manner and under the same conditions as if the applicant ... were subject to the competitive service under such title.
 
 
 9
 39 U.S.C. Sec. 1005(a)(2) (1988). In essence, Mr. Cytryszewski asserts that 39 U.S.C. Sec. 1005(a)(2) requires that he be treated as if he was applying to the competitive service.
 
 
 10
 This assertion does not raise a question of first impression. In Bredehorst v. United States, 677 F.2d 87, 89 (Ct.Cl.1982), our predecessor court faced the same issue and held that although 39 U.S.C. Sec. 1005(a)(2) is written in expansive language, the legislative history indicates that it was intended to have a much narrower effect. Specifically, "section 1005(a)(2) does not give a [Postal] Service preference eligible employee the same rights as a federal employee in the competitive service but only the rights granted to veterans by the Veterans[ ] Preference Act." Id.; accord Wilson v. Merit Systems Protection Bd., 807 F.2d 1577, 1581 (Fed.Cir.1986). The Veterans Preference Act, in turn, gives veterans only the right to appeal the adverse actions specified in 5 U.S.C. Secs. 7511-7513 (1994). Wilson, 807 F.2d at 1581. In other words, 39 U.S.C. Sec. 1005(a)(2) only provides USPS preference eligibles appeal rights for actions taken pursuant to 5 U.S.C. Secs. 7511-7513. Cf. Bacashihua v. Merit Systems Protection Bd., 811 F.2d 1498, 1501-02 (Fed.Cir.1987) (holding that 5 U.S.C. Sec. 7121 does not apply to preference eligibles in the USPS).
 
 
 11
 In deciding the present case, we are bound by this precedent from our predecessor court. See South Corp. v. United States, 690 F.2d 1368, 1370, 215 U.S.P.Q. 657, 658 (Fed.Cir.1982). Mr. Cytryszewski seeks to appeal action taken pursuant to 5 U.S.C. Secs. 3317(b) and 3318(b)(1). In contrast to actions taken pursuant to 5 U.S.C. Secs. 7511-7513, these latter sections do not trigger 39 U.S.C. Sec. 1005(a)(2). Because 39 U.S.C. Sec. 1005(a)(2) does not apply, Mr. Cytryszewski is not treated as if he was subject to the competitive service. Instead, he is treated like every other applicant to the USPS, i.e., as an applicant to the excepted service. As a result, jurisdiction is improper under 5 C.F.R. Sec. 1201.3(a)(19), which applies only to employment practices for appointment in the competitive service.
 
 
 12
 Because jurisdiction evaporates on this basis, we need not decide whether the Office of Personnel Management administered an employment practice. Therefore, we affirm the MSPB's decision that it lacks jurisdiction to hear Mr. Cytryszewski's claim.
 
 
 13
 No costs.