845 F.2d 1034
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Albert J. RAMAN, Petitioner,
v.
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Respondent.
 No. 87-3540.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1988.
 
 Before MARKEY, Chief Judge, EDWARD S. SMITH and MAYER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), 34 M.S.P.R. 428 (1987), affirming as modified the decision of the administrative judge dismissing Albert J. Raman's (Raman's) appeal for lack of jurisdiction, is affirmed.
 
 
 2
 OPINION*
 
 
 3
 There is substantial evidence to support the Board's conclusion that Raman's prior service as a General Attorney was not "in the same line of work" as his position as a Loan Specialist, and thus his time spent as a General Attorney cannot be used towards completion of his probationary period as a Loan Specialist. As noted by the Board, after considering the totality of the evidence (including critical job elements contained in Raman's performance appraisals), the two positions have different qualification requirements and duties. Further, we agree with the Board that Raman's evidence is insufficient to establish that he actually performed the duties of a Loan Specialist while serving his temporary appointment as a General Attorney.
 
 
 4
 Contrary to Raman's allegations, the Board did not apply the wrong law. The record establishes that the Board did not merely rely upon the agency's intent or the title of the positions at issue.
 
 
 5
 Because Raman was not an "employee" under 5 U.S.C. Sec. 7511(a)(1)(A) (1982) and because he failed to allege that his termination "was based on political reasons or marital status," 5 C.F.R. Sec. 315.806(b) (1987), his appeal was properly dismissed for lack of jurisdiction. See Mastriano v. Federal Aviation Admin., 714 F.2d 1152, 1155 (Fed.Cir.1983) (appeal rights of probationary employee extremely limited); 5 U.S.C. Sec. 7701(a) (1982).
 
 
 6
 Raman's argument that he was denied his right to a hearing is without merit. "There is no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction." Wilson v. Merit Sys. Prot. Bd., 807 F.2d 1577, 1582-83 (Fed.Cir.1986) (citations omitted).
 
 
 
 *
 The disposition of this appeal is on the record and did not require reference to Respondent's informal brief