918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Amado T. ESCOBAR, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 90-3260.
 United States Court of Appeals, Federal Circuit.
 Oct. 26, 1990.
 
 Before PLAGER, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Escobar appeals both from a decision of the Merit Systems Protection Board (MSPB), No. SE08318910401 (Feb. 16, 1990), dismissing his petition for review for having been untimely filed, and from the Administrative Judge's (AJ's) decision which thereby remained the final decision of the MSPB. Escobar asserted that he is entitled to an annuity under the Civil Service Retirement Act (CSRA), contrary to the finding of the Office of Personnel Management (OPM). We affirm.
 
 OPINION
 
 2
 Petitioner applied for an annuity under the CSRA based on three periods of employment from 1930 to 1947: Municipality of Cavite (Cavite) from January, 1930 to September, 1935; Department of the Navy (Navy) from November, 1941 to February, 1945; and "federal service" from March, 1945 to December, 1947. The OPM found that petitioner's employment with the Navy for three years and four months is creditable service, but that his employment with Cavite is not creditable and that he did not sustain his burden of establishing any other employment with "federal service." (Mr. Escobar presented no evidence to support his contention that he was so employed, and OPM, after searching Government records, was unable to locate any evidence of this employment.) Thus, Escobar was found not to have the requisite five years of creditable service which would entitle him to a CSRA annuity. The AJ affirmed the OPM's findings and conclusion.
 
 
 3
 The burden is on the applicant to prove that he has completed five years of creditable civilian service and is entitled to a civil service annuity. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). After a careful review of the record, we agree with the AJ that Escobar failed to meet that burden and is therefore not entitled to the annuity.
 
 
 4
 In Escobar's petition for review submitted to the MSPB, Escobar for the first time presented evidence of periods of service with the City of Manila between 1936 and 1940, contending that such service entitles him to a retirement annuity. The MSPB found that appeal to have been untimely filed; further, that even were the appeal to have been timely filed, the MSPB lacked jurisdiction over the issue presented by the new evidence, as that additional alleged period of creditable service had not been the subject of any decision from the OPM. Therefore, the AJ's decision, which became final before Escobar belatedly filed his petition for review, remained final.
 
 
 5
 The jurisdiction of the MSPB is limited in scope to that granted by Congress; the MSPB therefore only has jurisdiction over appeals from types of actions "specifically enumerated by law, rule or regulation." See Wilson v. Merit Systems Protection Bd., 807 F.2d 1577, 1579 (Fed.Cir.1986). This jurisdiction includes appeals of "final decisions" of the OPM. 5 C.F.R. Sec. 831.110 (1990). Therefore, the MSPB was correct in holding that it did not have jurisdiction to decide whether the previously unaddressed (by the OPM) employment is creditable under the CSRA, even if Escobar's appeal had been timely filed.
 
 
 6
 We review an MSPB decision to determine if it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, procedurally defective, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703 (1988). Since the MSPB's decisions here did not violate any of these standards, we must affirm. The issue of whether or not the appeal to the MSPB was timely filed is therefore moot and need not be addressed.