954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Brian J. HAMMOND, Petitioner
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3498.
 United States Court of Appeals, Federal Circuit.
 Jan. 22, 1992.
Rehearing Denied Feb. 24, 1992.
 
 Before PLAGER, LOURIE and CLEVENGER, Circuit Judges.
 
 DECISION
 PER CURIAM
 
 1
 Brian J. Hammond petitions for judicial review of the initial judgment of the Administrative Judge (AJ) dated February 27, 1991, Docket No. 07529110360, which upon denial of review by the Merit Systems Protection Board (MSPB or Board) became the Board's final decision on June 27, 1991. 5 C.F.R. § 1201.113(b). The AJ dismissed Hammond's appeal for lack of jurisdiction, since Hammond failed to demonstrate a reduction of pay or grade. 5 U.S.C. §§ 7511-7513. We affirm.
 
 DISCUSSION
 
 2
 In 1988 Hammond was reassigned from his position as Director of the Postal Service's San Mateo Postal Data Center to a position as Controller of the New Orleans Field Division. The San Mateo position was classified as a Postal Service Executive Grade I (PCES I) level 2 position. The New Orleans position was classified as a PCES Grade I level 4 position. Hammond concedes that he did not suffer any reduction of pay as a result of that reassignment. Nonetheless, Hammond alleges that the transfers were an actionable reduction of both grade and pay.
 
 
 3
 In 1989, the Postal Service implemented a new pay structure, eliminating those levels within the PCES I designation which it had created in 1986. Personnel evaluations were to be performed by the newly-created Executive Compensation Committee (ECC). That year, Hammond received a pay raise "comparable with other executives who had been at a level and grade of PCES 1-2." Pet.Br. at 9.
 
 
 4
 Hammond alleges that he did not learn that he was considered an employee at any lower level until his salary increase was limited in 1990 by the ECC. Hammond claims that September 21, 1990--the date of his meeting with the ECC to discuss his 1990 salary increase--is "for all intents and purposes ... the date of the reassignment." Pet.Br. at 30.
 
 
 5
 Hammond filed an appeal with the MSPB on December 10, 1990, alleging jurisdiction based on a reduction of pay and grade under 5 U.S.C. §§ 7511-7513. The AJ dismissed the appeal, holding that Hammond's reassignment did not constitute a facially nonfrivolous allegation of a constructive reduction in grade or pay, and citing Wilson v. MSPB, 807 F.2d 1577 (Fed.Cir.1985) and Garbacz v. United States, 656 F.2d 628 (Ct.Cl.1981) as controlling precedent. The decision of the AJ became the final decision of the Board on June 27, 1991, when the full Board denied Hammond's petition for review.
 
 
 6
 The MSPB correctly held that Hammond had not suffered a constructive reduction in pay. Hammond's pay (the rate of basic pay fixed by law or administrative action for the position held by an employee, 5 U.S.C. § 7511(a)(4)) was not lowered when he was reassigned in February and again in August 1988. In fact, he received a pay raise in February 1988, which pay level he retained when reassigned in August. That the reassignments foretold a performance judgment that might mean fewer or smaller future raises was not a "constructive reduction" in pay at the time of the reassignments. The fact that Hammond did not fully appreciate the significance of his reassignments to less responsible positions until 1990 when he received a smaller raise than he expected is irrelevant. As this court said in Wilson, the fact that an employee's salary may be reduced at some future date is insufficient to establish a reduction in pay. Wilson, 807 F.2d at 1582.
 
 
 7
 The MSPB also was correct in holding that a reassignment from one PCES I position to another did not constitute an actionable reduction in grade. Although petitioner correctly notes that Wilson dealt with a PCES I position prior to the Postal Service's 1986 creation of formalized levels within that grade, this does not alter the fundamental applicability of the Wilson holding. The PCES system was created by Congress expressly to "promote flexibility in executive assignments to enable the agency to accomplish its mission in an effective and expeditious manner.... In order to promote needed flexibility in executive assignments, the Postal Career Executive Service consists of only two grade levels, grades I and II." Wilson, 807 F.2d at 1579 (emphasis added). The shifts to formalized pay levels 1 through 5 in 1986 and then the return in 1989 to the earlier system of grades without pay "steps" or levels simply reflects the Postal Service's struggle to find the most effective way to carry out Congress' purpose in giving it managerial flexibility, and do not themselves alter the basic grade structure. The difference between PCES I/2 and PCES I/4 is at most akin to a difference of rank, and thus does not confer jurisdiction on the MSPB. See Wilson, 807 F.2d at 1580.
 
 
 8
 Further, the MSPB did not commit reversible error in denying Hammond's motions for a protective order, for sanctions, and to compel discovery. Curtin v. OPM, 846 F.2d 1373, 1378 (Fed.Cir.1988); Tiffany v. Navy, 795 F.2d 67, 70 (Fed.Cir.1986). Following Hammond's arrest by civil authorities in Louisiana in December 1990, the result of a search pursuant to a warrant which turned up drugs and pornographic materials, the agency placed Hammond on administrative leave and required that he undertake psychiatric evaluation. Hammond complains that these actions were harassment, and appeals the failure of the Board to provide sanctions and a protective order, as well as additional discovery. We have reviewed the record carefully and, without further prolonging the opinion, have concluded that the AJ was correct in finding no nexus between the prior transfers and his appeal of them, and the events related to his arrest; no error or abuse of discretion in those rulings has been shown.
 
 
 9
 We may not overturn the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, contrary to law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Finding no such error present in this case, we affirm.
 
 
 10
 No costs.