74 F.3d 1259
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Patrick LAFFEY, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3606.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1996.
 
 Before RADER, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner, Patrick Laffey, seeks review of the Merit Systems Protection Board's (MSPB or Board) initial decision, of March 14, 1995, in docket no. DC-0351-94-0765-I-1, which became the final decision of the Board pursuant to 5 C.F.R. Sec. 1201.113(b). In its decision, the Board held that petitioner failed to establish jurisdiction because his reassignment at the same grade and pay within the United States Postal Service (agency) did not constitute an appealable action under the reduction in force regulations, 5 C.F.R. Sec. 351.901. Because the facts alleged by petitioner did not establish a basis for Board jurisdiction, we affirm the Board's decision.
 
 DISCUSSION
 
 2
 Petitioner was employed by the United States Postal Service as a Management Analyst, Program Manager, EAS-25. On November 16, 1992, his position was abolished during an agency-wide reorganization, and he was assigned to a career transition center. He alleges that he was placed in the transition center for over four months, during which he received no work to perform. Petitioner alleges that the agency failed, in contravention of veteran preferences, to assign him to a certain position, for which the petitioner alleges that he was the most qualified employee, in the agency's revised management structure. Petitioner, Q2. Petitioner later accepted the position of Business Area Specialist, EAS-25, although he had reservations that his experience and qualifications were adequate. Although this position holds the same grade and pay as his abolished position, petitioner believes that his career opportunities are significantly limited.
 
 
 3
 It is axiomatic that the Board's power is limited to the jurisdiction provided by statute or authorized regulation. See Manning v. Merit Systems Protection Board, 742 F.2d 1424, 1426 (Fed.Cir.1984). The appellant from an adverse agency action has the burden of establishing the Board's jurisdiction. 5 C.F.R. Sec. 1201.56(a)(2). Petitioner contends that the agency improperly attempted to circumvent "reduction in force" procedures. An agency may be held to the reduction in force procedures if an employee is furloughed for over thirty days, separated, demoted, or reassigned to a position requiring the displacement of another employee in varied contexts, including reorganization. 5 C.F.R. Sec. 351.201(a)(2). The Board has jurisdiction over the appeal of an employee who is furloughed for more than thirty days, separated, or demoted in a reduction in force. 5 C.F.R. Sec. 351.901.
 
 
 4
 Petitioner maintained the same grade and pay when he was transferred to the transition center and when he took his current position. Given the continued maintenance of petitioner's grade and pay, he has failed to establish that he was furloughed, separated or demoted. See Thomas v. United States, 709 F.2d 48, 49 (Fed.Cir.1983) (lateral transfer did not constitute a RIF action); c.f. Wilson v. Merit Systems Protection Board, 807 F.2d 1577 (Fed.Cir.1986) (reassignment to a less desirable and less prestigious position without a reduction in pay or grade does not establish a basis of Board jurisdiction); Manning v. Merit Systems Protection Board, 742 F.2d 1424 (Fed.Cir.1984). Specifically, a "furlough," in civil service law, is the placement of an employee into a temporary status without duties and pay. See 5 U.S.C. Sec. 7511(a)(5). It is undisputed that petitioner received pay while assigned to the transition center. Similarly, he was not "demoted" precisely because he retained the same grade and pay. C.f. 5 U.S.C. Sec. 7512; Wilson, 807 F.2d at 1580-81. Petitioner was not separated because the employment relationship remained constant. In addition, there is no evidence that he was reassigned to his new position concurrent with the displacement of another employee. As to petitioner, the agency's actions did not constitute a reduction in force.
 
 
 5
 In short, petitioner has established neither that the action taken against him constituted a reduction in force or that the basis for an appeal from a reduction in force action existed. See 5 C.F.R. Secs. 351.201(a)(2) & 901. Absent jurisdiction over an underlying, appealable action, the Board lacked the power to hear petitioner's retaliation and discrimination claims. See, e.g., Brodt v. Merit Systems Protection Board, 11 F.3d at 1061 (Fed.Cir.1993).
 
 
 6
 Because petitioner has failed to establish a basis for Board jurisdiction, the decision of the Board is AFFIRMED.