**Samuel MCNEIL, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 00–3428.

United States Court of Appeals, Federal Circuit.

Feb. 8, 2001.

Before MAYER, Chief Judge, LOURIE and BRYSON, Circuit Judges.

## DECISION

PER CURIAM.

Samuel McNeil appeals from the final decision of the Merit Systems Protection Board denying for lack of jurisdiction his claim that the United States Postal Service ("the agency") failed to pay him for the period from April 30, 1989 to April 30, 1990. *McNeil v. United States Postal Serv.*, No. SF–3443–00–0339–I–1, 86 M.S.P.R. 691 (M.S.P.B. Aug. 8, 2000) (final order). Because the Board properly dismissed his appeal for lack of jurisdiction, we *affirm*.

## DISCUSSION

Mr. McNeil was employed as a custodian at the agency, and was removed effective June 30, 1989, based upon charges of continuous absence throughout his employment. *McNeil v. United States Postal Serv.*, No. SF–3443–00–0339–I–1, slip op. at 2 (M.S.P.B. May 1, 2000) (initial decision) ("*McNeil I*"). McNeil appealed his removal to the Board, and an initial decision was issued on October 11, 1989. *Id.* That decision affirmed the agency's removal action, but found that McNeil was improperly suspended and thus was entitled to back pay from April 10 through June 30, 1989. *Id.* The full Board sustained McNeil's removal, but found that the agency properly suspended McNeil for the period from April 10 to April 25, 1989, and limited his back pay accordingly. *Id.* The opinion noted that McNeil could file a petition for enforcement to resolve any disputed compliance issues, which the record indicates that McNeil has not done. *Id.*

Almost eleven years later, McNeil initiated the present action at the Board alleging, *inter alia*, that the agency owed him back pay for the period from April 30, 1989 to April 30, 1990. *Id.* The Administrative Judge ("AJ") ordered McNeil to submit evidence and argument to prove that his appeal was timely and that the Board otherwise had jurisdiction over his appeal. *McNeil v. United States Postal Serv.*, No. SF–3443–00–0339–I–1 (M.S.P.B. March 17,

2000) (acknowledgment order). After receiving McNeil's response, the AJ dismissed his claim for lack of jurisdiction. *McNeil I* at 3. The full Board denied his petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2000). McNeil timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Jennings v. MSPB*, 59 F.3d 159, 160 (Fed.Cir.1995). The Board's jurisdiction is limited to those actions specifically enumerated by law, rule, or regulation. 5 U.S.C. § 7701(a) (1994); 5 C.F.R. § 1201.3(a) (2000). The scope of the Board's jurisdiction is a question of law that we review *de novo*. *Bolton v. MSPB*, 154 F.3d 1313, 1316 (Fed.Cir. 1998). McNeil has the burden of proving by preponderant evidence that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2) (2000).

On appeal, McNeil argues that he was removed from service on April 30, 1990, without indicating why he believes that his service extended to that date, and that he is therefore entitled to back pay from April 30, 1989 to April 30, 1990. McNeil also makes a number of additional arguments that were addressed in his earlier removal appeal. Finally, McNeil alleged that he was deprived of the opportunity to conduct discovery and cross-examine witnesses at a hearing.

We agree with the Board that it lacked jurisdiction to hear McNeil's appeal. With respect to the period from June 30, 1989 to April 30, 1990, McNeil's claim is untimely because it was brought more than nine years after the date when he now asserts he was removed. *See* 5 C.F.R. § 1201.12 (2000) (stating that an appeal to the Board must be filed within thirty days of either the effective date of the action being appealed or the receipt of the agency's decision, whichever is later). McNeil provided no basis on which to persuade the Board to accept his late appeal. Whether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion. *Mendoza v. MSPB*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc).

Furthermore, with respect to the period from April 30, 1989 to June 30, 1989 for which he was previously awarded back pay, McNeil's claim is both untimely and barred by *res judicata*. The doctrine of *res judicata* "precludes the parties or their privies from relitigating issues that were or could have been raised in [a previous] action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). Therefore, that claim for back pay, as well as all of McNeil's arguments that relate to his 1989 removal, may not be relitigated.* Finally, McNeil was not entitled to a hearing or discovery on the merits of his case because he was unable to establish that the Board had jurisdiction over his appeal. *Wilson v. MSPB*, 807 F.2d 1577, 1583 (Fed.Cir.1986).

---

* If it is McNeil's contention that the agency did not satisfy the back pay obligations ordered by the Board in its earlier ruling, which does not appear to be the case, then he would be entitled to file a petition for enforcement of that judgment.

We have considered McNeil's remaining arguments and have determined that they are without merit.

Because the Board's decision was supported by substantial evidence and was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we affirm.