NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ILIR M. TSUNGU,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3155

---

Appeal from the Merit Systems Protection Board in No. DC3443120310-I-1.

---

Decided: March 7, 2013

---

ILIR M. TSUNGU, of Centreville, Virginia, pro se.

KATHERINE M. SMITH, Attorney, Office of General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge,* SCHALL and PROST, *Circuit Judges.*

PER CURIAM.

Ilir M. Tsungu seeks review of a decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdiction. We affirm.

BACKGROUND

Mr. Tsungu has been employed continuously since 2008 as a Supervisory Human Resources ("HR") Specialist within the Workforce Relations Labor Strategy & Negotiations office at the Internal Revenue Service. As an Associate Director in the agency's Workforce Relations Division, Mr. Tsungu served as a principal advisor to top management and took a leadership role in the development, implementation, administration, and evaluation of the IRS's strategic policies with respect to labor and employee relations. He reported directly to the Director of Workforce Relations. The position was classified as an IR-0201-SM (Senior Management), which corresponds to GS grade levels 14 and 15. The minimum pay for the SM pay band is identical to GS-14, step 1; the maximum pay is identical to GS-15, step 10. Mr. Tsungu earned $129,517 in base pay and $25,983 in locality pay, for a total salary of $155,500 before his reassignment.

Effective January 15, 2012, Mr. Tsungu was reassigned to the position of Human Resources Specialist within the Labor Relations department. As a Senior Program Advisor in the agency's Workforce Relations Division, Mr. Tsungu's job is to provide key advice and consultation to the Director of Workforce Relations and other top agency executives regarding broad policy and operational directives. Apparently, that position had been expressly created for Mr. Tsungu to effectively utilize his talents, and was classified as a GS-0201-15, step 10. In that position, Mr. Tsungu earned $129,517 in base pay

and \$25,983 in locality pay, for a total salary of \$155,500—identical to his prior salary as a Supervisory HR Specialist.

On February 13, 2012, Mr. Tsungu appealed his reassignment to the Board, alleging that he had "been effectively . . . removed" from his Supervisory HR Specialist position and "placed in a tenuous position that has [Reduction in Force ("RIF")] implications" without "due notice of removal." He alleged that had the agency followed RIF procedures, he would not have been reassigned.

On February 16, 2012, the Board issued an Acknowledgment Order asking that Mr. Tsungu file evidence and argument to prove that the Board has jurisdiction over his appeal, which challenged his "reassignment to another position without a loss of grade or pay."

Mr. Tsungu responded to the Acknowledgment Order on March 1, 2012, asserting that his reassignment was (1) a demotion because he was removed from a supervisory position and placed in a non-supervisory; (2) accepted involuntarily because the agency effectively forced him to do so with threats and by providing misleading information; and (3) an improper substitution for an illegal RIF without following proper RIF procedures.

With respect to the involuntary demotion claim, Mr. Tsungu further alleged that he initially refused the reassignment when it was proposed to him in November 2011, whereupon his supervisor "threatened" him that she would "hold him responsible for" managerial improvements she wished to see in his relationships with his staff, and "would scrutinize every action and complaint." Apparently, Mr. Tsungu would never have considered reassignment until his then-manager "strongly suggested" it to him. It was only after several rounds of discussion and reconsideration that Mr. Tsungu reluctantly accepted the reassignment in early December 2011.

Further, Mr. Tsungu added that because the agency reorganized the Workforce Relations Division in which Mr. Tsungu worked to reduce the number of senior managers sometime after his reassignment, and replaced him with a junior senior manager at his prior position who had no relevant experience, the agency was attempting either to avoid an RIF or was conducting an improper RIF.

The agency responded on March 12, 2012 with the main argument that Mr. Tsungu's appeal was not within the Board's jurisdiction because his reassignment did not constitute a demotion since he suffered no reduction in grade or pay. The agency further asserted that Mr. Tsungu voluntarily accepted the reassignment. Finally, the agency contended that it need not follow RIF procedures when it reassigned Mr. Tsungu because it was not required to under 5 C.F.R. § 10.102(b)(4)(ii) when no demotion or employee displacement had taken place. The agency submitted a declaration from Phyllis Brown, Mr. Tsungu's supervisor, attesting to the pertinent facts and explaining the agency's pay band schedules.

On March 21, 2012, the administrative judge issued an Initial Decision dismissing Mr. Tsungu's appeal for lack of jurisdiction. The administrative judge found that Mr. Tsungu did not make a non-frivolous allegation that (1) he was demoted because he did not demonstrate that he suffered a reduction in pay or grade; (2) his alleged demotion was involuntary or obtained through duress, coercion, or misrepresentation; and (3) the agency improperly reassigned him in lieu of a RIF under the applicable regulation. The administrative judge therefore dismissed Mr. Tsungu's appeal without holding a jurisdictional hearing. Her decision became the Final Decision of the Board on April 25, 2012, after neither party petitioned for review. Mr. Tsungu now appeals that decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The court shall hold unlawful and set aside any Board action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law we review de novo. *See Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). As the petitioner, Mr. Tsungu bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i).

We conclude that the Board properly dismissed Mr. Tsungu's petition for review for lack of jurisdiction. Mr. Tsungu did not make non-frivolous factual allegations sufficient to support his claims and to vest the Board with jurisdiction. The Board's jurisdiction is limited by statute. 5 U.S.C. § 7701(a). It may only review certain enumerated adverse agency actions, such as a reduction in pay or grade, a removal, a suspension for more than fourteen days, and a furlough of thirty days or less. 5 U.S.C. § 7512(1)–(5).

As to Mr. Tsungu's first claim, when an employee is reassigned to a different position, "the Board ordinarily possesses jurisdiction only if the agency's action resulted in a reduction in grade or pay." *Walker v. Dep't of the Navy*, 106 F.3d 1582, 1584 (Fed. Cir. 1997). In this case, the Board concluded that Mr. Tsungu's reassignment from the IR-0201-SM position to the GS-15 position did not result in a reduction of either grade or pay. We agree.

The Board correctly found, after examining and comparing the representative rates of pay for the positions at issue, that Mr. Tsungu did not suffer a reduction in grade because the representative rate of the position to which he was reassigned is not lower than that of his former posi-

tion. *See* 5 C.F.R. §§ 351.203 and 536.103. The Board was also correct to find that Mr. Tsungu did not suffer a reduction in pay because his basic and locality pay at the new position is identical to his basic and locality pay in his prior position.

On appeal to the court, Mr. Tsungu contends that, notwithstanding the identical grade and pay, he suffered a reduction in rank and responsibility because the agency reassigned him from a supervisory to a non-supervisory position and because his future prospects may be affected. However, "a reduction in responsibility without a concurrent reduction in grade or pay . . . is not appealable to the Board." *Wilson v. Merit Sys. Prot. Bd.*, 807 F.2d 1577, 1580 (Fed. Cir. 1986). This is because the Civil Service Reform Act of 1978 eliminated the old reduction in rank standard with the present reduction in grade or pay test in order to "increase the flexibility of agencies to assign employees to positions and duties where they are needed." *Id.* Thus, the Board does not have jurisdiction over Mr. Tsungu's reduction in rank or responsibility claim without him alleging that his grade or pay was reduced.

We also agree with the Board that Mr. Tsungu failed to make non-frivolous allegations that jurisdiction exists because his acceptance of reassignment was involuntary. Mr. Tsungu did not proffer sufficient evidence to show that his voluntary acceptance of the reassignment was obtained through duress, coercion, or misrepresentation by the agency. *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). Coercive involuntariness does not apply merely because an employee is "faced with an unpleasant situation or that his choice is limited to two unattractive options." *Id.*

Mr. Tsungu's third claim that the agency improperly demoted him in lieu of following RIF procedures was also properly dismissed by the Board. Mr. Tsungu has not, as a first step, presented any evidence that he suffered a

demotion within the meaning of 5 C.F.R. § 210.102(b)(4). As such, we reject Mr. Tsungu's assertion that his reassignment should be treated as an improper RIF process.

Finally, Mr. Tsungu contends that the Board should have held a hearing on the issues of whether a demotion and an involuntary reassignment occurred. Although 5 U.S.C. § 7701(a) gives employees subject to adverse personnel actions the right to a hearing on disputed factual issues involving the merits, that right exists only if the Board has jurisdiction. *Wilson*, 807 F.2d at 1582. Further, there is "no statutory requirement that the Board hold a hearing on the threshold issue of jurisdiction." *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1215 (Fed. Cir. 2003). Because Mr. Tsungu did not make non-frivolous factual allegations sufficient to overcome the threshold jurisdictional requirement, he is not entitled to a hearing.

The decision of the Board dismissing the petitioner's appeal for lack of jurisdiction is affirmed.

## AFFIRMED

### COSTS

Each party shall bear their own costs.