**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHERRY ROBINSON, | DOCKET NUMBER |
| Appellant, | PH-0752-25-0074-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: June 3, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Sherry Robinson, Woodbridge, Virginia, pro se.

Samuel F. Lazzaro, Jr., Esquire, Fort Meade, Maryland, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal based on res judicata. On petition for review, she argues that the reclassification of her position to a lower grade after a desk audit was unfair. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to dismiss the appeal based on collateral estoppel, we AFFIRM the initial decision.

The appellant, who began work with the agency in 2010, was a GS-11 Management Analyst when she requested a desk audit on February 25, 2019. Initial Appeal File (IAF), Tab 4 at 4-5, Tab 5 at 6. The agency issued a memorandum concluding that her position should be classified at the GS-08 level and downgraded it to that level. IAF, Tab 4 at 4-5; *Robinson v. Department of Defense*, MSPB Docket No. PH-0752-23-0132-I-1, Initial Appeal File (0132 IAF), Tab 7 at 129, 130-41. She received grade retention for 2 years and pay retention of her GS-11 pay while she remained in her current position. IAF, Tab 4 at 5; 0132 IAF, Tab 7 at 129, 139-40, Tab 8 at 5. The appellant appealed the results of the desk audit, and a July 14, 2021 Classification Appeal Decision found that the proper classification of her position was as a Security Assistant (OA), GS-07. 0132 IAF, Tab 7 at 68-80.

On February 2, 2023, the appellant filed an appeal with the Board. 0132 IAF, Tab 1. Therein, she alleged that the agency failed to follow its reorganization procedures, engaged in a prohibited personnel practice (reprisal), and discriminated against her when it reduced her grade in the desk audit. 0132 IAF, Tab 12, Initial Decision (0132 ID) at 1. In a May 25, 2023 initial decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that

the Board does not have jurisdiction over a reclassification if there is no reduction in pay. 0132 ID at 4-5 (citing *Wilson v. Merit Systems Protection Board*, 807 F.2d 1577, 1579 (Fed. Cir. 1986)).

Thereafter, on November 1, 2024, the appellant filed the instant appeal with the Board related to the same downgrade of her position. IAF, Tab 1. In the December 12, 2024 initial decision, the administrative judge dismissed the appeal on the basis of res judicata. IAF, Tab 6, Initial Decision (ID) at 3-4. The administrative judge determined that res judicata applied because the appellant was arguing the same issues that she had raised in a previous Board appeal that was dismissed for lack of jurisdiction, and "the appellant's demotion/reduction in grade/pay was fully and finally adjudicated by the Board." ID at 3.

The Board has held that res judicata is not applicable to a prior decision that dismissed an appeal for lack of jurisdiction. *Armas v. Department of Justice*, 71 M.S.P.R. 244, 248 (1996). Res judicata is a basis for dismissing a claim over which the Board has jurisdiction, and the administrative judge did not find that the Board had jurisdiction over the appellant's earlier appeal with the Board when he dismissed it. 0132 ID at 4-5; *see Hicks v. U.S. Postal Service*, 114 M.S.P.R. 232, ¶ 12 (2010). Accordingly, we find that the administrative judge erred in dismissing the appeal on this basis.

When a first action was dismissed for lack of jurisdiction, as it was here, the doctrine of res judicata will not normally preclude the appellant from bringing the same action again. A second action in the same forum, however, might be barred by the doctrine of collateral estoppel, which precludes relitigation of the same jurisdictional issue. *Batiste v. U.S. Postal Service*, 100 M.S.P.R. 369, ¶ 11 (2005). Collateral estoppel is appropriate when: (1) an issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party to be precluded was fully represented in the prior action. *Id.*, ¶ 12.

First, the issues here are identical to the ones involved in the prior action. *Compare* ID at 1, *with* 0132 ID at 1. Second, the issue of jurisdiction was actually litigated in the prior action. *See Fisher v. Department of Defense*, 64 M.S.P.R. 509, 514 (1994) (holding that the "actually litigated" criterion requires that the issue be contested by the parties and resolved by an adjudicator). Third, the administrative judge's determination that the Board lacked jurisdiction in the earlier appeal was his sole justification for dismissing the first appeal. 0132 ID at 5. Fourth, the appellant was fully represented in the prior action because she had a full and fair chance to ligate the issue in question. *See Fisher*, 64 M.S.P.R. at 515. For these reasons, we find that the appellant's claims are barred by collateral estoppel. We modify the initial decision accordingly.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____

Gina K. Grippando

Gina K. Grippando
Clerk of the Board

Washington, D.C.