John A. ROCHE and 21 named Petitioners, Petitioners,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 95–3439.

United States Court of Appeals, Federal Circuit.

Nonprecedential Opinion Issued Feb. 15, 1996.

Precedential Opinion Issued April 4, 1996.

However, the essence of Mr. Powell's claim is that the FSPA is unconstitutional *as applied to him*, which clearly is a particularized challenge to the Georgia state trial court's judgment.

Stuart A. Abramson, Sea Cliff, New York, argued for petitioners.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Department of Justice, Washington, DC, argued for respondent. With him on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director and Jeanne E. Davidson, Assistant Director. Also on the brief were R. Andrew German, Chief Counsel and Brian M. Reimer, Attorney, United States Postal Service, Washington, DC, of counsel.

Before RICH, RADER, and SCHALL, Circuit Judges.

RADER, Circuit Judge.

Mr. John A. Roche and twenty-one other postal workers appeal the decision of the Merit Systems Protection Board (Board) dismissing their case for lack of jurisdiction. Because the Board lacked jurisdiction, this court affirms.

## BACKGROUND

All twenty-two petitioners worked for the United States Postal Service in the New York Postal Data Center (PDC) and were eligible for preference as veterans. In September 1992, the Postal Service decided to consolidate operations at its PDCs, which included closing the New York PDC. In December 1992, petitioners learned that their positions would no longer exist. The Postal Service intended to reassign them to other PDCs at the same grade and pay.

Petitioners were all members of a bargaining unit represented by the American Postal Workers Union (APWU). For that reason, a Collective Bargaining Agreement governed their wages, hours, and working conditions. On February 2, 1993, the Postal Service and the APWU entered into a Memorandum of Understanding which presented petitioners with three options: (1) they could accept reassignments at the same grade and pay; (2) they could compete for positions in the New York commuting area with only one year of guaranteed grade and pay; or (3) they could accept early retirement with severance pay. Petitioners all chose the second option.

Subsequently, petitioners filed appeals from their local assignments to the Board. Petitioners contended that Article VI of the Collective Bargaining Agreement prevents the Postal Service from conducting a reduction in force (RIF) or effecting layoffs. Article VI reads:

It is agreed by the Employer that no employees employed in the regular work force will be laid off on an involuntary basis during this Agreement.

On April 8, 1993, the administrative judge consolidated petitioners' appeals.

In the initial decision, the administrative judge held that petitioners' local assignments were voluntary because they chose their current positions and had sufficient time and information to make their decisions. Also, the reassignments that were refused were for the same grade and pay as petitioners' previous assignments.

Petitioners then filed a petition for review to the full Board. Petitioners maintained that the decision in *Brown v. United States Postal Serv.*, 58 M.S.P.R. 345 (1993), rendered their reassignments involuntary and thus they were subjected to an appealable RIF action. The Board denied the petition for review. The Board, on its own motion, reopened petitioners' appeals and affirmed the initial decision as modified, still dismissing the appeals for lack of jurisdiction because the petitioners' reassignments were voluntary.

## DISCUSSION

■ This appeal raises the purely legal question of the Board's jurisdiction to address petitioners' claims. As a legal question, this court need not defer to the Board. *Vesser v. Office of Personnel Management*, 29 F.3d 600, 603 (Fed.Cir.1994). The Board has only that limited jurisdiction granted to it by statute or authorized regulation. *See Manning v. Merit Sys. Protection Bd.*, 742 F.2d 1424, 1426 (Fed.Cir.1984). Moreover, petitioners bear the burden of demonstrating the Board's jurisdiction. 5 C.F.R. § 1201.56(a)(2) (1995). To maintain an adverse action against an agency, petitioners must show a removal, a suspension of more than fourteen days, a reduction in pay or grade, or a furlough of thirty days or less. 5 U.S.C. §§ 7512, 7513(d), 7701 (1994).

■ In this case, eighteen petitioners knew their reassignments would be for the same grade and pay. For those petitioners, the Board affirmed the initial decision and dismissed the appeals for lack of jurisdiction. The Board found these reassignments voluntary and thus outside the Board's jurisdiction.

■ The remaining four petitioners had slightly different circumstances. The Postal Service did not inform these petitioners of the grade level of the positions they would occupy in their new PDC when they requested to stay in New York. The four present petitioners were not told the grade level of their new positions because the agency had not yet determined the work they would perform at the new PDC. The Board specifically distinguished these four present petitioners from those in *Brown*. In *Brown*, appellant was placed in a lower grade position after he was told he would neither be retained in his former position nor retained in another Postal Career Executive Service position.

The Board determined that the four present petitioners were more analogous to petitioner in *Bissett v. United States Postal Serv.*, 66 M.S.P.R. 631 (1995). In *Bissett*, the agency informed appellant that his new position had been eliminated as part of a restructuring. Appellant retired before any action was undertaken to affect his grade, pay, or tenure. The Board held that in the absence of permanent reassignment before retirement, it was possible that appellant may have been reassigned at the same grade or even promoted. Therefore, appellant could not have been released from his competitive level by demotion and accordingly did not suffer a RIF before he retired. *Id.* at 636–37. The Board in this case held that the four petitioners might have been reassigned to positions at the same pay and grade, or higher. Thus, because the agency did not notify them that they would not be reassigned to positions in other PDCs by the time of their assignment positions to New York, the employees were not subject to RIF actions when they took their New York positions.

■■ This court agrees with the reasoning and conclusion of the Board. Petitioners in this case voluntarily chose to bid for positions in the local commuting area. Voluntary actions are not appealable. *Latham v. Unit-*

*ed States Postal Serv.,* 909 F.2d 500, 502 (Fed.Cir.1990). Eighteen petitioners were offered reassignments with the same grade and pay as their former positions. Reassignment of a preference eligible postal employee to a position at the same pay and grade is not appealable to the Board. *Wilson v. Merit Sys. Protection Bd.,* 807 F.2d 1577, 1579 (Fed.Cir.1986).

As to the other four petitioners, the Board correctly determined that unlike petitioner in *Brown,* the present petitioners were never told that they would not be retained in positions of the same grade and pay. Therefore, they were not subject to a RIF action.

### CONCLUSION

As to all twenty-two petitioners, the Board correctly determined it did not have jurisdiction since petitioners had not been subject to an appealable RIF action. For these reasons this court affirms.

*AFFIRMED.*