92 F.3d 1206
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Leslie H. LONG, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 United States Court of Appeals, Federal Circuit.
 July 8, 1996
 
 Before ARCHER, Chief Judge, MICHEL and RADER, Circuit Judges.
 
 RADER
 
 1
 In this personnel case, Leslie H Long, Jr. petitions for review of a final decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. Because the Board properly concluded that Mr. Long did not meet his burden of establishing jurisdiction, this court affirms.
 
 
 2
 Mr. Long held the position of Letter-Carrier, PS-5, with the United States Postal Service. In connection with the Postal Service restructuring, the Postal Service offered Mr. Long a Special Retirement Option, which included a six-month lump sum payment. Mr. Long accepted the Postal Service's offer and retired effective on August 21, 1992.
 
 
 3
 On February 23, 1995, twenty-nine months later, Mr. Long appealed to the Board contending that his retirement was involuntary.* The Board allowed Mr. Long to submit evidence to support his allegation of involuntary retirement. Mr. Long, however, merely iterated his statements that the Postal Service was building a case against him and that his productivity was down. Finding Mr. Long did not offer any evidence to demonstrate jurisdiction, the Board dismissed his action for lack of jurisdiction.
 
 
 4
 The Board lacks jurisdiction over voluntary employee actions. Roche v. United States Postal Serv., 80 F.3d 468, 470-71 (Fed.Cir.1996). Resignations and retirements are presumed to be voluntary. Mueller v. United States Postal Serv., 76 F.3d 1198, 1201 (Fed.Cir.1996). Only where an employee demonstrates that his retirement was involuntary may the Board exercise jurisdiction. Id.; Cruz v. Department of the Navy, 934 F.2d 1240, 1244 (Fed.Cir.1991) (explaining that the employee bears the burden of persuasion on jurisdictional facts). To determine the voluntariness of a retirement, "a court must examine the surrounding circumstances to test the ability of the employee to exercise free choice." Covington v. Department of Health & Human Serv., 750 F.2d 937, 941-42 (Fed.Cir.1984). That an employee must choose between unpleasant alternatives or that he faces an unpleasant situation does not "make an employee's decision any less voluntary." Id. at 942. Rather, voluntary retirement turns on whether the employee made an informed choice. Id. Thus, retirement may be involuntary where it was obtained by agency misinformation or deception or extracted through coercion or duress. Id.
 
 
 5
 In this case, Mr. Long argues that he accepted the early retirement offer because he believed the Postal Service was about to fire him. Mr. Long did not want to lose credit for his twenty-eight years of service. Moreover, Mr. Long had apparently missed a large number of days, reflecting poorly on his Postmaster. Finally, Mr. Long contends that his Postmaster had singled him out for his union activities. Mr. Long, however, offered no evidence below to substantiate his allegations.
 
 
 6
 The facts do not suggest that the Postal Service forced Mr. Long to retire. Mr. Long accepted an offer of early retirement made to a large number of postal workers during the restructuring. That the agency may have considered firing Mr. Long for some activity does not convert his voluntary action of accepting early retirement into an involuntary action. The record shows that Mr. Long had ample time to consider his options, which included remaining employed. No reduction-in-force notice had been sent to him at the time he chose early retirement. The record evidence does not support an allegation of involuntariness. Consequently, the Board properly concluded that Mr. Long had failed to meet his burden of demonstrating jurisdiction.
 
 
 
 *
 This court notes that regulations required Mr. Long to file his appeal within twenty days from his retirement. 5 C.F.R. § 1201.22(b) (1992). Absent a showing of good cause, Mr. Long's untimely appeal was unreviewable. 5 C.F.R. § 1201.22(c) (1992)