92 F.3d 1207
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Kenneth M. STUTTS, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 96-3152.
 United States Court of Appeals, Federal Circuit.
 July 12, 1996.
 
 Before MICHEL, RADER and SCHALL, Circuit Judges. RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 
 1
 In this personnel case, Kenneth M. Stutts petitions for review of a final decision by the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. Because the Board properly concluded that it lacked jurisdiction, this court affirms.
 
 
 2
 Before the United States Postal Service's restructuring, Mr. Stutts worked as a Telecommunications Hardware Specialist, EAS-21, at the Postal Service's St. Louis Postal Data Center. As part of the restructuring, the Postal Service demoted Mr. Stutts to Computer Systems Analyst, EAS-20, in the St. Louis Division, with saved grade and pay.
 
 
 3
 Mr. Stutts appealed to the Board. The Board reversed his demotion because the agency did not follow proper reduction-in-force (RIF) procedures. The Postal Service retroactively restored Mr. Stutts to his old position and then issued a specific RIF notice. In that notice, the Postal Service offered Mr. Stutts a position as Data Base Specialist, EAS-21, in the St. Louis Information Systems Service Center. According to the Postal Service, this position constituted the best position that would have been available to him during the restructuring. Mr. Stutts accepted this position. He also filed a petition for enforcement based on the agency's alleged failure to comply with the Board's decision in his earlier appeal. The record does not reveal whether the Board has ruled on this petition.
 
 
 4
 Mr. Stutts appealed to the Board from this action. He argued that had the agency initially followed proper RIF procedures he would have been offered a position identical to his original position. The Board found that the agency laterally reassigned Mr. Stutts to another EAS-21 job. The Board then concluded that the applicable regulations do not give the Board jurisdiction over lateral reassignments. 5 C.F.R. § 351.901 (1996). The full Board affirmed.
 
 
 5
 The Board has only that jurisdiction granted to it by statute or authorized regulation. Roche v. United States Postal Service, 80 F.3d 468, 470 (Fed.Cir.1996). Under section 351.901, "[a]n employee who has been furloughed for more than 30 days, separated, or demoted by a reduction in force action" may appeal to the Board. 5 C.F.R. § 351.901.
 
 
 6
 In this case, the Postal Service retroactively offered Mr. Stutts a position at the same grade and pay. The positions differed in title and work responsibility. Reassignment of preference eligible postal employees to positions at the same grade and pay is not appealable to the Board. Roche, 80 F.3d at 471; Wilson v. Merit Sys. Protection Bd., 807 F.2d 1577, 1579 (Fed.Cir.1986). Because the Postal Service reassigned Mr. Stutts to a position at the same grade and pay, the Board properly determined that it lacked jurisdiction.