98 F.3d 1359
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Raymond ERNST, Petitioner,
v.
DEPARTMENT OF TREASURY, Respondent.
 No. 96-3216.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1996.
 
 Before ARCHER, Chief Judge, SMITH, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 ARCHER, Chief Judge.
 
 
 1
 Raymond A. Ernst appeals from the February 7, 1996 decision of the Merit Systems Protection Board (Board), Docket No. NY-3443-96-0023-I-1,[1] dismissing his appeal for lack of jurisdiction. We affirm.
 
 DISCUSSION
 
 2
 On October 10, 1995, Ernst appealed the Department of Treasury's Internal Revenue Service (IRS) decision to reassign him from the position of Lead Computer Operator, GS-9, to the position of Customer Service Representative, also a GS-9 position. The administrative judge (AJ) found that Ernst's reassignment did not subject him to a reduction in grade or pay, and therefore the Board lacked jurisdiction over this action. The AJ also found no evidence to support Ernst's claim that he had filed petitions for enforcement of settlement agreements. The AJ, therefore, dismissed Ernst's appeal for lack of jurisdiction.
 
 
 3
 The Board's appellate jurisdiction is limited to those matters specifically set forth in statutes or regulations. 5 U.S.C. § 7701(a) (1994). An individual who files an appeal with the Board has the burden of establishing jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2) (1996). Ernst has failed to allege any adverse action which, if proven, would authorize the Board to consider his appeal. Ernst's reassignment to a position at the same grade and pay is not an adverse action over which the Board has jurisdiction. See Roche v. United States Postal Serv., 80 F.3d 468, 470 (Fed.Cir.1996); Artmann v. Department of Interior, 926 F.2d 1120, 1122 (Fed.Cir.1991); Thomas v. United States, 709 F.2d 48, 49 (Fed.Cir.1983). Ernst's claim that the Board failed to consider the agency's retaliation pursuant to Kuykendall v. Department of Veterans Affairs, 68 M.S.P.R. 314, 324-25 (1995), does not bestow jurisdiction upon the Board. In Kuykendall, the appellant filed a petition for enforcement of a settlement agreement alleging post-settlement harassment and retaliation. 68 M.S.P.R. at 318. Here, however, the Board found no evidence that Ernst filed a petition for enforcement of any settlement agreement. Therefore, we affirm the decision of the Board dismissing his appeal for lack of jurisdiction.
 
 
 
 [1]
 The February 7, 1996 initial decision of the administrative judge became the final on March 13, 1996, pursuant to 5 C.F.R. § 1201.13 (1996)