**John C. KANNABY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 00–3259.

United States Court of Appeals, Federal Circuit.

Jan. 11, 2001.

Before CLEVENGER, LINN, and DYK, Circuit Judges.

PER CURIAM.

John C. Kannaby petitions for review from the final decision of the Merit Systems Protection Board ("Board") dismissing his case. *Kannaby v. Department of the Army*, 86 M.S.P.R. 41 (2000). We *affirm.*

## I

Mr. Kannaby was suspended for twelve days from his employment as a GS–11 Civil Engineer at the Army Corps of Engineers in Chicago, Illinois, on a charge of insubordination. Through counsel, Mr. Kannaby appealed the suspension order to the Board. The Administrative Judge ("AJ") of the Board notified Mr. Kannaby that the Board likely did not have jurisdiction to hear his appeal, because the action of which he complained was not a suspension of more than fourteen days. The AJ offered Mr. Kannaby an opportunity to explain why the Board would have jurisdiction. Mr. Kannaby did not respond. Because the Board does not have jurisdiction to consider suspension orders when the suspension is not for more than fourteen days, *see* 5 C.F.R. § 1201.3(a), the AJ dismissed Mr. Kannaby's appeal for lack of jurisdiction. The Board denied Mr. Kannaby's petition for review on February 16, 2000. Mr. Kannaby timely petitioned this court for review of the Board's final decision.

## II

■ It is settled law that the Board has limited jurisdiction, and may only hear matters specified as appealable to the Board by statute, rule or regulation. *See Thomas v. United States,* 709 F.2d 48, 49 (Fed.Cir.1983). It further is settled law that a suspension of fourteen days or less is not an appealable action. In order for a suspension order to be appealable to the Board, the suspension must last for more than fourteen days. *See* 5 C.F.R. § 1201.3(a).

We must affirm a final decision of the Board unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c) (1994).

■ In his petition to this court, Mr. Kannaby contends that his suspension resulted from his refusal to enter a hazardous workspace, in which he was allegedly exposed to bodily harm. He seeks, *inter alia,* monetary relief for the harm he says has been done to him. He also seeks removal from his record the fact of his suspension. The Board committed no error in holding that it lacked jurisdiction to question the basis for his twelve-day suspension.

As the Board's brief to this court explains, the relief Mr. Kannaby seeks from this court is unavailable. We have no authority to decide whether there is merit to Mr. Kannaby's allegations that he has been done harm by his agency for which he should be granted relief. The Board's brief identifies the avenues that are open to Mr. Kannaby to pursue the relief to which he claims entitlement. The Board had no power to grant him relief, and neither do we. The final decision of the Board is affirmed.

No costs.