John C. KANNABY, Plaintiff–
Appellant,

v.

UNITED STATES ARMY CORPS OF
ENGINEERS, Chicago District, et
al., Defendants–Appellees.

No. 02–2233.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 12, 2002.*

Decided Dec. 13, 2002.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, POSNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

John C. Kannaby sued his employer, the United States Army Corps of Engineers (ACOE), and eight Army officials, alleging that the defendants violated his constitutional rights and raising a variety of tort claims. The district court granted the defendants' motion to dismiss, Kannaby appeals, and we affirm.

In August 1997 Kannaby, a civil engineer, was suspended for twelve days for insubordination after his superiors assigned him to work at a particular work site in Chicago and he refused. According to Kannaby, he refused because the assignment should have been voluntary, would have exposed him to toxic chemicals, was not part of his job description, and required work for which he was not trained. His superiors informed him that it was an emergency situation, was part of his job description, and was not as dangerous as he claimed. Following his suspension, Kannaby worked at the site; he claims that he was coerced into doing so and had to work without proper training or equipment.

Kannaby availed himself of the ACOE's internal grievance process, claiming that his suspension was improper and that he was coerced into doing hazardous work without proper training, and seeking compensation for lost pay and emotional distress. His grievance was denied and suspension sustained. Kannaby then asked the Army Inspector General to investigate his suspension and alleged improper actions by his superiors in assigning him to the work site. The Inspector General determined that his claims were unsubstantiated. He next appealed to the Merit Systems Protection Board, challenging his suspension and seeking compensation.

The Board notified Kannaby that it might not have jurisdiction over his case because his suspension was for less than fifteen days; the Board asked Kannaby to respond and explain why it had jurisdiction. He failed to respond, and the Board dismissed for lack of jurisdiction. Kannaby appealed to the Federal Circuit, which affirmed the Board's decision. *Kannaby v. Merit Sys. Prot. Bd.*, No. 00–3259, 2001 WL 28690, 4 Fed.Appx. 769 (Fed.Cir. Jan.11, 2001) (unpublished).

In July 2001 Kannaby then filed this lawsuit. He alleged that his superiors violated due process and equal protection in suspending him, forcing him to work in a hazardous area, lying to him, and misapplying ACOE regulations. He also alleged that he was denied due process during the grievance process. He sought damages for these constitutional violations as well as damages for tortious conduct by his superiors resulting in emotional distress, lost wages, and injury to his reputation. The Attorney General certified that all of the individual defendants were acting within the scope of their employment for the United States during the complained-of incidents, *see* 28 U.S.C. § 2679(d), and the defendants moved to dismiss the complaint. The district court granted the defendants' motion, concluding that (1) the individual defendants had absolute immunity on the tort claims because they were acting within the scope of their employment; (2) the tort claims against the United States were barred by the Federal Employment Compensation Act (FECA), 5 U.S.C. § 8101 *et seq.;* and (3) the constitutional claims were barred by the Civil Service Reform Act (CSRA), 5 U.S.C. § 2301 *et seq.*

The district court correctly identified the procedural bind that Kannaby was in as a federal employee suing other federal employees. Because of the § 2679 certifi-

cation, the individual defendants had absolute immunity on the tort claims so long as they were acting in the scope of employment. *Taboas v. Mlynczak,* 149 F.3d 576, 579 (7th Cir.1998); *Ezekiel v. Michel,* 66 F.3d 894, 897 n. 5 (7th Cir.1995). That left only the United States as a defendant on these claims–but the exclusive remedy against the United States for nonconstitutional employment-related injuries is a claim under FECA, *Lockheed Aircraft Corp. v. United States,* 460 U.S. 190, 193–94, 103 S.Ct. 1033, 74 L.Ed.2d 911 (1983); *Ezekiel,* 66 F.3d at 898, which is filed with the Secretary of Labor and not subject to judicial review, 5 U.S.C. § 8128(b); *Czerkies v. U.S. Dept. Of Labor,* 73 F.3d 1435, 1437 (7th Cir.1996) (en banc); *Ezekiel,* 66 F.3d at 898.

Given this situation, Kannaby could proceed on his tort claims only by showing that the individual defendants were not acting within the scope of their employment. The certification under § 2679 is presumed to be correct, and Kannaby had the burden of coming forward with facts showing by a preponderance of the evidence that the defendants were acting outside the scope of their employment. *Taboas,* 149 F.3d at 582; *Hamrick v. Franklin,* 931 F.2d 1209, 1211 (7th Cir. 1991). Whether conduct is within this scope is determined by the state law where the conduct occurred. *Taboas,* 149 F.3d at 582. Under Illinois law, which applies here, there is no precise scope-of-employment test; the inquiry turns on three general factors: whether the conduct (1) is the kind the employees are employed to perform; (2) occurs during authorized employment time and within an authorized employment place; and (3) is carried out, in part, to serve the employer. *Id.; Pyne v. Witmer,* 129 Ill.2d 351, 135 Ill.Dec. 557, 543 N.E.2d 1304, 1308 (Ill. 1989). Moreover, even employment decisions that are motivated by ill will or bad

faith are within the scope of employment so long as they are done, at least in part, to serve the employer. *Taboas,* 149 F.3d at 582–83.

■ Here, Kannaby contends that the defendants' conduct was outside the scope of employment because they lied to him about the dangerousness of the work, misapplied regulations, improperly suspended him, and forced him to work without proper training and equipment. We disagree that these allegations, if true, show that the defendants were acting outside the scope of employment. Assigning employees to work assignments and reprimanding them for refusing are undoubtedly conduct for which his superiors were authorized, and the conduct took place within authorized employment time and place. Also, Kannaby alleged that he was assigned to the hazardous work partly to cut costs and partly to single him out. Given these facts, we agree with the district court that Kannaby failed show to that the defendants' actions were not carried out, at least in part, to serve the ACOE. *See id.* at 583.

■ That leaves Kannaby's claims of alleged employment-related constitutional violations. But these claims (which would otherwise arise under *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)) are likewise precluded–this time by CSRA, which already provides a remedy for federal employees through the Merit Systems Protection Board and the Federal Circuit. *Bush v. Lucas,* 462 U.S. 367, 380–90, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *Robbins v. Bentsen,* 41 F.3d 1195, 1201–03 (7th Cir. 1994). Kannaby contends that his constitutional claims should not be precluded because it will deny him a fair hearing. Federal employees, however, are barred from bringing *Bivens* claims because Con-

gress has already provided a comprehensive remedial scheme under CSRA for employment-related constitutional violations. *Robbins*, 41 F.3d at 1201–02 ("Congress has provided an elaborate remedial scheme, the CSRA, for the protection of Robbins's constitutional rights in the employment context."); *see also Feit v. Ward,* 886 F.2d 848, 855–56 (7th Cir.1989); *Moon v. Phillips,* 854 F.2d 147, 152 (7th Cir. 1988); *Moore v. Glickman,* 113 F.3d 988, 992 (9th Cir.1997); *Am. Postal Workers Union v. United States Postal Serv.,* 940 F.2d 704, 708–09 (D.C.Cir.1991). Federal employees must raise employment-related constitutional challenges through the Merit Systems Protection Board and appeal to the Federal Circuit. 5 U.S.C. § 7703; *Ayrault v. Pena,* 60 F.3d 346, 348 (7th Cir. 1995). As discussed above, Kannaby already followed this path, but it is unclear whether he ever presented his constitutional claims or if he challenged only the merits of his suspension. He did, however, fail to respond and explain why the Board had jurisdiction to hear his claim, which was his burden to establish. *See Lewis v. Merit Sys. Prot. Bd.,* 301 F.3d 1352, 1354 (Fed.Cir.2002). But, in any event, the district court concluded correctly that Kannaby was precluded from bringing such claims in this lawsuit.

AFFIRMED.