# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30919

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

LUKE T. WEST,

      Plaintiff - Appellant

v.

CARRIE L. RIETH; ERIN E. PARROTT; RACHEL J. ALLEN; KENDRA L. JOHNSON; PEGGY CUEVAS; LINDSAY BARTUCCO; SHANDA STUCKER; UNITED STATES OF AMERICA,

      Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-2512

Before HIGGINBOTHAM, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Appellant Luke West appeals the district court's substitution of the United States as defendant into the present suit in accordance with the Westfall Act provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(1). He also claims that the district court erred by dismissing his *Bivens*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30919

claims and abused its discretion by denying his motion for reconsideration. We AFFIRM the district court's judgments.

## BACKGROUND

From August 2010 until March 2015, West, a former United States Marine Corps Gunnery Sergeant, worked in the Marine Forces Reserves Finance Section in New Orleans, Louisiana. He contends that in June 2013, fellow Marines Carrie Rieth, Erin Parrott, Rachel Allen, and Kendra Johnson coordinated to falsely accuse him of sexual harassment and assault after a Marine Corps Ball. Their purpose, he claims, was "to take general advantage of the political climate surrounding the handling of such allegations in the military and specific advantage of certain benefits under the Department of Defense and Marine Corps Sexual Assault Prevention and Response (SAPR) Program and the Marine Corps Equal Opportunity (EO) Program."

West also contends that, during the ensuing sexual misconduct investigation, SAPR employees Peggy Cuevas, Lindsay Bartucco, and Shanda Stucker "exerted significant improper influence over Naval Criminal Investigative Services (NCIS), the civil law enforcement agency of the United States Navy" by "prevent[ing] NCIS from investigating evidence and information exculpatory to [West]" and "caus[ing] NCIS to attempt to improperly intimidate [West] and [West's] witnesses, with threats of obstructing justice investigations."

In November 2014, West was court martialed on the sexual misconduct and related charges. Though West was acquitted on the most serious charges, he was convicted of obstruction of justice, maltreatment of a subordinate, and use of indecent language. He was sentenced to 30 days confinement and a reduction in rank.

No. 16-30919

On July 9, 2015, West sued Reith, Parrott, Allen, and Johnson for their role in reporting the alleged sexual misconduct. Shortly after, the district court granted the United States' motion to substitute itself for the original defendants under the Westfall Act. West moved for the court to reconsider the substitution, but that motion was denied. West then amended his complaint twice, bringing *Bivens* actions against the original defendants and SAPR employees who investigated the sexual misconduct claims. On June 24, 2016, the district court dismissed West's *Bivens* claims. West timely appeals from the district court's judgments.

## STANDARD OF REVIEW

We reviews dismissals under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) *de novo*. *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011); *Johnson v. Cty. of Beaumont Police Dep't*, 958 F.2d 616, 618 (5th Cir. 1992). We review the denial of a motion for reconsideration for abuse of discretion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993).

## DISCUSSION

West contends that the district court erred when it found that his proffered evidence did not sufficiently rebut the United States Attorney's scope-of-employment certification. He also contends that the district court erred by dismissing his *Bivens* claims and abused its discretion by denying his motion for reconsideration. We find none of these arguments persuasive.

### I.    West failed to prove by a preponderance of the evidence that the United States could not substitute itself as defendant

West's evidence was insufficient to rebut the U.S. Attorney's scope-of-employment certification. "[F]ederal employees [have] absolute immunity from

common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229 (2007). "When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General to certify that the employee 'was acting within the scope of his office or employment at the time of the incident out of which the claim arose . . . .'" *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 419-20 (1995) (quoting § 2679(d)(1)). "Upon certification, the employee is dismissed from the action and the United States is substituted as defendant." *Id.* at 420.

West argues that he proffered sufficient evidence to defeat the U.S. Attorney's certification by "rais[ing] a genuine issue of material fact as to the falsity of the accuser defendants' allegations." While the Attorney General's (or in this case, U.S. Attorney's) "scope-of-employment certification is subject to judicial review," the Supreme Court has held that "[s]ubstitution of the United States is not improper simply because the [U.S. Attorney]'s certification rests on an understanding of the facts that differs from the plaintiff's allegations." *Osborn*, 549 U.S. at 230, 231. Instead,

> The United States . . . must remain the federal defendant in the action unless and until the District Court determines that the employee, in fact, and not simply as alleged by the plaintiff, engaged in conduct beyond the scope of his employment.

*Id.* at 231. The Fifth Circuit has not previously examined the correct quantum of proof to refute a U.S. Attorney's scope-of-employment certification. But given that a plaintiff must show "*in fact*, and not simply as alleged by the plaintiff, [that the employee] engaged in conduct beyond the scope of his employment" to refute scope-of-employment certification, we are persuaded by our sister circuits that "the party seeking review of the [U.S. Attorney's] decision to grant

scope-of-employment certification, bears the burden of presenting evidence and disproving [that] decision . . . by a preponderance of the evidence." *See Jackson v. Tate*, 648 F.3d 729, 735 (9th Cir. 2011) (quotations omitted); *Kanaby v. U.S. Army Corps of Eng'rs*, 53 F. App'x 776, 778 (7th Cir. 2002) (same); *Borneman v. United States*, 213 F.3d 819, 827 (4th Cir. 2000) (same). The district court correctly determined that West had not proved by a preponderance of the evidence that the U.S. Attorney's certification was incorrect. As the court stated, "the evidence West actually submitted in opposition to the government's motion is thin" and is mostly a list of "purported weaknesses or 'material inconsistenc[ies]' in the statements and testimony of the Federal Defendants." Furthermore,

> [I]t is notable that West has not submitted an affidavit or sworn statement denying the allegations against him. The assertions that the allegations were false are contained in his complaint, amended complaint, and briefing, none of which are sworn or verified.

Because West's evidence did not disprove the U.S. Attorney's scope-of-employment certification by a preponderance of the evidence, the district court did not err.[1] *See Jackson*, 648 F.3d at 735.

## II.    The district court properly dismissed West's *Bivens* claims

The district court did not err when it dismissed West's *Bivens* claims. "*Bivens* affords the victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution." *Abate v. Southern Pacific*

---

[1] In his reply brief, West contends that the fact that he was acquitted on the most serious charges of sexual misconduct at his court martial refutes the U.S. Attorney's scope-of-employment certification by a preponderance of the evidence. However, West has waived this argument by raising it for the first time in his reply brief. *See Stephens v. C.I.T. Grp./Equip. Fin., Inc.*, 955 F.2d 1023, 1026 (5th Cir. 1992).

*Transp.* Co., 993 F.2d 107, 110 (5th Cir. 1993). "To recover damages under *Bivens*, the injured party must show the existence of a valid constitutional violation." *Id.* However, "congressionally uninvited intrusion into military affairs by the judiciary is inappropriate," and thus, "no *Bivens* remedy is available for injuries that arise out of or are in the course of activity incident to service." *United States v. Stanley*, 483 U.S. 669, 683, 684 (1987) (quotations omitted).

West maintains that his injuries were not incident to military service; thus his *Bivens* claims should have been allowed to proceed. This argument is unpersuasive. To determine whether an injury is incident to military service, we look to the three-factor *Feres* test, which examines: "(1) duty status, (2) site of injury, and (3) activity being performed." *See Regan v. Starcraft Marine*, LLC, 524 F.3d 627, 637 (5th Cir. 2008). All three factors weigh against West and in favor of dismissal.

First, "what is relevant about the status of an active duty service member at the time of injury is where that status is on a continuum between performing the tasks of an assigned mission to being on extended leave from duty." *Id.* "Duty status has sometimes been described as the most important of the factors for whether an activity was incident to service." *Id.* West's duty status weighs in favor of dismissal because, as the district court noted, "at all relevant times, [the parties] . . . were employed by the Marines, and plaintiff does not allege that he or any other party was on extended leave."

Second, the site of West's purported injuries also weighs in favor of dismissal. "[I]n the Fifth Circuit, the physical location of the injury is relevant for the incident to service issue. . . . The purpose of this factor is to determine where the service member was at the time of the injury" and whether he "was engaged in an activity incident to service." *Id.* at 640. Here, the site of West's injury was within the framework of his military employment and the military

discipline process. Consequently, he "was engaged in an activity incident to service." *Id.*

Third, "the activity being performed at the time of the injury" suggests that West's injuries were incident to military service. *Id.* The purpose of the third prong is to determine whether the activity giving rise to the injury "served some military function." *Id.* Here, the activity about which West complains was a formal Marine investigation into allegations of sexual misconduct. This investigation undoubtedly served "some military function." *Id.* Given that all *Feres* factors weigh in favor of dismissal, the district court did not err. *Id.*

## III.     The district court did not abuse its discretion by denying West's motion for reconsideration

The district court did not err in denying West's motion for reconsideration. A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (quotations omitted). West's motion for reconsideration did not "serve [this] narrow purpose:" First, he identified no "manifest errors of law or fact." *Id.* Second, all evidence presented in the motion was available to West when he filed his initial brief. *See Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration."). Because West's motion for reconsideration did not "serve the narrow purpose" of Rule 59(e), the district court did not abuse its discretion. *See Waltman*, 875 F.3d at 473.

No. 16-30919

## CONCLUSION

For the reasons stated above, we AFFIRM the district court's judgments.